

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2005

# USA v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2100

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Vaughn" (2005). *2005 Decisions*. Paper 1472.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1472

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2100

———


UNITED STATES OF AMERICA


v.

CELESTER VAUGHN,

Appellant

———


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cr-00105-2)
District Judge: The Hon. Donetta W. Ambrose

———


Submitted Under Third Circuit LAR 34.1(a)
Date: February 18, 2005

Before: SLOVITER, AMBRO and ALDISERT, Circuit Judges.

(Filed: March 4, 2005)

———


OPINION OF THE COURT

———


1

ALDISERT, Circuit Judge.

Appellant Celester Vaughn, pursuant to a negotiated plea agreement, pled guilty to Count Three of a five count indictment for distribution of cocaine in violation of 21 U.S.C. § 841(2000). When Vaughn appeared before the district court for sentencing, he made an oral motion to withdraw his guilty plea. The court denied the motion and sentenced Vaughn to the mandatory minimum sentence, 120 months of imprisonment. Vaughn now appeals his conviction and sentence.

Vaughn's counsel, Joseph M. Yablonski, has filed a motion and brief stating that, after a conscientious examination of the record and relevant cases, he has determined that Vaughn's appeal is fully frivolous. He has requested permission to withdraw under Anders v. California, 386 U.S. 738 (1967). We will grant counsel's request to withdraw and affirm the judgment of the district court.

I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

II.

In Anders, the Supreme Court held that if, after conscientious review of the record, counsel determines that there are no non-frivolous issues for review, he should advise the court and request permission to withdraw. 386 U.S. at 744. This request must

2

be accompanied by a brief referring to anything in the record that might arguably support the appeal. Id. The Third Circuit's Local Appellate Rule ("LAR") 109.2(a) implements the Anders command. This Court has a twofold inquiry: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

### III.

Here, Mr. Yablonski has fulfilled LAR 109.2(a)'s requirements. He conducted a conscientious examination of the record and all available materials. Counsel also identified two sentencing issues, both of which are frivolous. The first is whether the district court erred in denying Vaughn's motion to withdraw his guilty plea. A defendant may withdraw his guilty plea upon showing a "fair and just reason for requesting the withdrawal." Rule 11(d)(2)(B), Federal Rules of Criminal Procedure. Whether a reason is "fair and just" depends on three factors: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawal; and (3) whether the government would be prejudiced by the withdrawal. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citing United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001)).

Here, Vaughn satisfied the first prong of the test by asserting his innocence. The strength of Vaughn's assertion, however, is undercut by his earlier sworn admission to

distributing cocaine. Vaughn also admitted that he helped set up the deal for distributing cocaine. Vaughn's stated reason for changing his guilty plea is not strong. In his plea agreement, Vaughn stipulated to distributing at least 3.5 kilograms of cocaine. He argues that the Government could not establish this amount at trial because the amount of cocaine in controversy was actually less than two kilograms. Even if Vaughn could prove his position at trial, the mandatory minimum would still be 120 months because the Government filed a notice of enhancement pursuant to 21 U.S.C. § 851. Finally, the Government would be prejudiced by Vaughn's withdrawal because a trial date had been set, the jury had been selected and witnesses had been subpoenaed when Vaughn entered his guilty plea. Vaughn did not move to withdraw until the date of the sentencing hearing and a crucial Government witness may not have been available at that time.

The second identified issue is whether the district court erred in any respect in the sentence it imposed. The guilty plea proceeding complied with Rule 11 of the Federal Rules of Criminal Procedure and the requirements articulated by the Court in Boykin v. Alabama, 395 U.S. 238 (1969). As explained above, Vaughn disputes the amount of cocaine used in calculation of his sentence and the impact of that amount on his sentence. This stipulation did not drive his sentence. Rather, his sentence was driven by his guilty plea to Count Three of the indictment and his prior felony drug conviction. See United States v. Ordaz, __ F.3d __ (No. 04-1671 Feb. 22, 2005) (holding that the district court's determination regarding the defendant's prior convictions did not violate the Sixth

4

Amendment).

Further, an independent review of the record by this Court uncovers no other non-frivolous issues. Although Vaughn has filed a pro se brief, his arguments lack merit. Vaughn's ineffective assistance of counsel claim is not appropriately raised on direct review.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

———